## YAZOO & M. V. R. Co. v. ROBINSON.

[68 South. 471.]

RAILROADS. *Killing dog. Ownership. Question for jury.*

Where in a suit against a railroad company for the killing of a dog, there was a conflict in the evidence as to the ownership of the dog, a peremptory instruction for the plaintiff should not have been given.

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge,

Suit by Jerry Robinson against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

This suit was instituted in the court below by appellee against appellant to recover damages for the killing of a dog alleged to have been the property of appellee.

On the trial appellee testified that he was the owner of the dog killed. Two of plaintiff's witnesses testified that the dog was the property of the wife of appellee. At the close of the testimony the court granted appellee

a peremptory instruction, and the jury returned a verdict of one ·hundred· and fifty dollars.   From this judgment the railroad company appeals.

*Mayes & Mayes,* for appellant.

The giving of this peremptory instruction for the plaintiff was manifestly an error.   Since there was a sharp conflict in the testimony as to the ownership of the dog, the jury should have been permitted to pass on the question of ownership; because, if the plaintiff was not the owner of the dog, of course, he was not damaged by its death; and, consequently, there could be no recovery by him in this case.   The proposition is too plain to admit of argument, or to require citation of authorities.

*Woods & Kuykendall,* for appellee.

The record in this case clearly shows that a train of appellant killed the dog in question; that the engineer failed to blow his whistle, ring his bell, or do anything else to warn the dog from the track and prevent the killing.   We submit that the giving of the peremptory instruction in this case was highly proper.   *Railroad Company* v. *Hawkins,* 82 Miss. 209.

There is no real conflict in the testimony as to the ownership of the dog, when the same is examined in the light of reason, and from the standpoint of common sense.   This court said in the case of *Mobile and Ohio Railroad* v. *Greenwald and Champenois,* 61 So. 426: "We have given very careful consideration to the evidence disclosed by the record, and properly understood, and, interpreted, we believe that there is no real conflict in the evidence.   A casual reading of the testimony of the veterinary surgeon would disclose an apparent conflict between him and the other witnesses with reference to the value of the animal injured."   In the case at ·bar the apparent conflict in the testimony is as to

the ownership and not value of the animal killed. The testimony of James Robinson and Edgar Blanchard, touching the ownership of the dog is, "mere vague conjecture," as was said by this court in the case last cited. Taking the testimony of the witnesses, James Robinson and Edgar Blanchard, as a whole, touching the ownership of the dog, it is readily seen that their statements with respect to the ownership of the dog are conjecture, pure and simple, with nothing upon which to found or base such conjecture. However, if the case should be reversed, and we earnestly insist that it should not be reversed, the question of ownership alone would be submitted to the jury, as was said by the court in the case last cited. "And we are of the opinion that a reversal would be unwarranted."

SMITH, C. J., delivered the opinion of the court.

The peremptory instruction granted appellee should not have been given, for the reason that there is a conflict in the evidence with reference to the ownership of the dog killed.

*Reversed and remanded.*